UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN CARLOS GARAY, on behalf of himself and all other
persons similarly situated,

                     **COMPLAINT**

          Plaintiff,

   -against-

1230 NAILS ART CORP. d/b/a SOPHIA'S NAILS & SPA
and TESLA SOPHIA ALFARO,

          Defendants.
------------------------------------------------------------------------X

  Plaintiff, JUAN CARLOS GARAY ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, on behalf of himself and all other persons similarly situated, complaining of the Defendants, 1230 NAILS ART CORP. d/b/a SOPHIA'S NAILS & SPA ("Sophia's Nails") and TESLA SOPHIA ALFARO ("Alfaro," together with Sophia's Nails, as "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

  1.  Plaintiff brings this action against Defendants for failure to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), as well as failure to pay Plaintiff for all hours at least at the applicable minimum wage rates under the NYLL, failure to pay Plaintiff spread of hours pay when the spread of hours between the beginning and end of his shifts exceeded ten hours in violation of the NYLL, failure to provide accurate wage statements for each pay period under NYLL § 195(3), failure to furnish a proper wage notice at any of his times of hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6. Plaintiff is a resident of the County of Suffolk, State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

8. At all times relevant, Defendant Sophia's Nails is and was a domestic business corporation doing business at 1230 Middle Country Road, Selden, New York 11784.

9. At all relevant times, Defendant Sophia's Nails was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to acetone, nail paint,

gel paints, nail polish, nail filers, cuticle trimmers, nail trimmers, cotton balls, rubbing alcohol, salts, scrubs, skin-care lotions, lamps, chairs, massage chairs, foot baths, hair care products, shampoos, conditioners, hair dryers, hair straighteners, pens, papers, receipt papers, and other tools, equipment, and materials, all of which undoubtably traveled in interstate commerce, and accepted payment from credit cards and other moneys that originate from out of New York State.

10.     At all times relevant, Defendant Sophia's Nails was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

11.     At all times relevant, Defendant Alfaro is and/or was an owner, chief executive officer, and/or manager of Sophia's Nails, had authority to make payroll and personnel decisions for Sophia's Nails, was active in the day to day management of Sophia's Nails, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **STATEMENT OF FACTS**

12.     Plaintiff was employed by Defendants as a hairstylist and nail technician from in or about December 2021 through April 2022, again from in or about October 2022 through November 2023, and finally from in or about March 2024 through October 25, 2024.

13.     Plaintiff performed non-exempt duties for the Defendants including performing manicures, pedicures, and hairstyling for Defendants customers.

14.     Throughout his employment, Plaintiff regularly worked five days per week from 9:30 a.m. until 8:00 p.m. each day, and sometimes later.  As a result of this schedule, Plaintiff typically worked approximately fifty-two and one-half hours each week, and thus typically worked in excess of forty hours each week.

15. Throughout his employment, in exchange for his work, the Defendants compensated Plaintiff at a daily rate of pay between $80.00 and $120.00 per day plus tips, regardless of the number of hours worked each day.

16. As a result of the daily rate paid to Plaintiff, Defendants failed to compensate Plaintiff at the statutorily required overtime rate of one and one-half times his regular hourly rate, or the applicable minimum wage rate, whichever is greater, for any of the hours he worked in excess of forty throughout his employment, in violation of the FLSA and NYLL.

17. Additionally, the daily rate paid to Plaintiff resulted in an hourly rate of pay between $7.61 and $11.43 per hour, depending on the number of hours worked each week, which is below the New York State minimum wage rate during Plaintiff's employment.

18. Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid him at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee. Defendants failed to provide Plaintiff with compliant written notice under the NYLL that they were claiming a tip credit toward the statutory minimum wage.

19. Defendants failed to accurately record the correct amount of tips received by Plaintiff and other tipped employees each workweek.

20. As a result of the foregoing violations, Defendants were not entitled to pay Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate under the NYLL. Thus, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

21. Throughout his employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

22.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which the spread of hours exceeded 10 hours in violation of the NYLL.

23.     Defendants failed to provide Plaintiff upon any of his hires with an accurate written notice of his rate of pay and other information in violation of the NYLL.

24.     Defendants failed to provide Plaintiff with accurate wage statements of his wages earned, that included, inter alia, his hourly rates of pay, the amount of regular and overtime hours worked, gross wages, net wages, and deductions for each pay period as required by NYLL § 195(3).

25.     By failing to properly detail Plaintiff's hourly rate upon any of his hires or anytime thereafter, as well as his actual hours worked and rates of pay each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid his overtime wages and spread of hours wages throughout his employment.

26.     With no way to know how much he should have been making, Plaintiff worked for approximately three years without discovering that he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

27.     Plaintiff was further harmed by these violations of NYLL §§ 195(1) and (3) because by not discovering Defendants' underpayments until recently, Plaintiff returned to work for Defendants *twice* in or about October 2022 and again in or about March 2024, because he did not know how much he was being underpaid, and which resulted in continued actual underpayments.

28.      Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to record the actual number of hours worked by Plaintiff each week.

29.      Defendants failed to display notices in the workplace regarding federal and state minimum wage and overtime requirements.

30.      Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

## **COLLECTIVE ACTION ALLEGATIONS**

31.      At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

32.      Plaintiff brings FLSA claims on behalf of himself and all persons similarly situated who work or have worked in non-exempt tipped positions, such as nail technicians and/or hairstylists, who give their consent in writing to become plaintiffs and who performed duties such as manicures, pedicures, hairstyling, and/or other grooming services at any time during the three (3) years prior to the filing of their respective consent forms.

33.      Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

34.    Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, nail technicians and/or hairstylists at any time during the three (3) years prior to the filing of their respective consent forms.

35.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## (FLSA – UNPAID OVERTIME WAGES

36.    Plaintiff and FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

37.    Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their respective regular rates, or one and one-half times their appliable minimum wage rate, whichever is greater, in violation of the FLSA.

38.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

39.     Plaintiff and Collective Action Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NYLL – UNPAID OVERTIME WAGES)**

40.     Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

41.     Defendants employed Plaintiff and every Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their respective regular rates, or one and one-half times the applicable minimum wage rate, whichever is greater, in violation of NYLL.

42.     By Defendants' failure to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

43.     Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### (NYLL – UNPAID MINIMUM WAGES)

44.     Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

45.     Defendants failed to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action the applicable minimum wage rates for all hours worked, in violation of the NYLL.

46.     Defendants' violations of the NYLL have been willful and intentional.

47.     Due to Defendants' violations of the NYLL, Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid minimum wage compensation, attorneys' fees, costs of this action, and interest as permitted by law.

48.     Due to Defendants' violations of the NYLL, Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover liquidated damages equal to the amount of these unpaid wages.

## FOURTH CLAIM FOR RELIEF
### (NYLL – SPREAD OF HOURS)

49.     Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

50.     Defendants willfully failed to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action one additional hour's pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of the NYLL.

51.     Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## (NYLL – WAGE NOTICE)

52.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

53.    Defendants failed to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action upon hire with accurate written notice of their rate of pay and other information in violation of NYLL § 195(1).

54.    Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover statutory damages from Defendants.

## SIXTH CLAIM FOR RELIEF
## (NYLL – WAGE STATEMENTS)

55.    Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

56.    Defendants failed to furnish Plaintiff and every Collective Action Plaintiff who opts-in to this action with an accurate statement of their wages with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of NYLL § 195(3).

57.    Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)    Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii)     Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii)    Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(iv)    Awarding unpaid overtime wages, minimum wages, and spread of hours wages pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

(v)     Awarding statutory damages pursuant to New York Labor Law § 195(1), (3) and New York Labor Law § 198;

(vi)    Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(vii)   Awarding pre- and post-judgment interest as permitted by law;

(viii)  Awarding attorneys' fees and costs incurred in prosecuting these claims; and

(ix)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 31, 2026

ROMERO LAW GROUP PLLC

*/s/ Matthew J. Farnworth*

By: _____

Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Sophia's Nail Spa, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Romero Law Group to represent me in this case.

Juan Carlos Garay (May 18, 2026 12:39:01 EDT)

May 18, 2026

Juan Carlos Garay

Date